JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-02196-RGK (JCx) | Date | June 22, 2015 |
|---|---|---|---|
| Title | *CARR v. JETBLUE AIRWAYS CORP., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 11)**

## I. INTRODUCTION

On February 13, 2015, Nancy Carr ("Plaintiff") filed a Complaint in Los Angeles Superior Court alleging, among other claims, violations of the California Fair Employment and Housing Act ("FEHA") against JetBlue Airways Corporation ("JetBlue") and Gabriel Capone ("Capone") (collectively, "Defendants"). Plaintiff specifically alleges the following causes of action: (1) discrimination in violation of California Government Code § 12940; (2) harassment in violation of California Government Code § 12940; (3) failure to prevent discrimination in violation of California Government Code § 12940; (4) retaliation in violation of California Government Code § 12940; (5) retaliation in violation of California Labor Code § 1102; (6) wrongful termination in violation of California Government Code §§ 12900, *et seq.*; and (7) defamation. Plaintiff brings all causes of action against JetBlue. Plaintiff brings her second cause of action, for harassment in violation of FEHA, against both JetBlue and Capone.

On March 25, 2015, JetBlue removed the action to federal court on the basis of diversity jurisdiction. On April 17, 2015, Plaintiff filed the present Motion to Remand (the "Motion").

For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

### A. Discrimination and Harassment

Plaintiff is a former employee of JetBlue. Defendant Capone was her supervisor. Plaintiff was

diagnosed with Crohn's disease before beginning her employment with JetBlue. Plaintiff's Complaint alleges that JetBlue defamed her and discriminated against her based on her Crohn's disease. Plaintiff further alleges that Capone repeatedly harassed her about her Crohn's disease by belittling her diet and attempts to manage the disease and telling her that the disease was in her head. Capone also allegedly singled Plaintiff out and demanded a doctor's note after she returned to work following a surgery. Plaintiff's Complaint alleges that JetBlue investigated Capone regarding a hostile workplace environment and that Plaintiff provided a statement for this investigation. Following the investigation, Plaintiff received low ratings at her mid-year performance review. Plaintiff was terminated on October 22, 2014.

### B. Citizenship of Defendant Capone

Plaintiff is a resident of Los Angeles County, California. JetBlue is incorporated in Delaware with its principal place of business in New York. The parties do not dispute the citizenship of Plaintiff or JetBlue.

Capone was in the process of moving from Los Angeles County, California to Orlando, Florida, when this action was commenced on February 13, 2015. In December 2014, Capone communicated his interest in a JetBlue position in Orlando, Florida (the "Orlando Position") to a JetBlue hiring manager. He also made arrangements to live at a friend's home (the "Huss Residence") while applying for the Orlando Position and looking for a permanent residence in Florida. From December 2014 to January 2015, Capone continued to pursue the Orlando Position and continued to seek a permanent residence in Orlando.

On February 5, 2015, Capone accepted an offer of employment for the Orlando Position. At this time he confirmed his arrangements to live at the Huss Residence while beginning the Orlando Position. On February 7, 2015, Capone ended the lease on his apartment in Long Beach, California, but agreed to pay rent until February 28, 2015.

From February 13 through February 15, 2015, Capone was physically in Orlando and stayed at the Huss Residence. During this trip, he continued to look for a permanent residence in Orlando. Capone also left a suitcase of clothes and belongings at the Huss Residence. From February 25, 2015, through February 27, 2015, Capone returned to Orlando and again stayed at the Huss Residence.

On February 27, 2015, Capone closed escrow on a home in Orlando, Florida (the "Atherton Residence"). On this date, Capone traveled back to California for one day to finish moving his belongings to Florida. On March 1, 2015, Capone began his employment in the Orlando Position.

## III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. The removal statute is strictly construed against a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

Federal courts have jurisdiction when there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). When removal is based on diversity jurisdiction, there must be complete diversity both at the time of filing and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

Under 28 U.S.C. § 1447(c), a case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

## IV.  DISCUSSION

Defendants argue that removal is proper because Capone is a sham defendant whose citizenship should be disregarded. In the alternative, Defendants argue that Capone had already established Florida citizenship at the time of filing, and thus his presence does not destroy diversity. The Court will address each argument in turn.

### A.  **Fraudulent Joinder of Defendant Capone**

Plaintiff's Complaint alleges a claim against Defendant Capone for harassment under FEHA. Defendants argue that Plaintiff's joinder of Capone is fraudulent because Plaintiff has failed to state a cause of action against Capone. Defendants argue that Capone is therefore a sham defendant and his citizenship should be disregarded for purposes of determining diversity jurisdiction.

The citizenship of fraudulently joined or "sham" defendants will not defeat removal based on diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder is fraudulent if a plaintiff fails to state a claim against the resident defendant and such failure is obvious according to the settled rules of the state. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant must show that the joined party cannot be liable on any theory. *Ritchey*, 139 F.3d at 1318. Further, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

FEHA provides that an individual supervisor may be personally liable for any harassment he or she perpetrates against an employee. Cal. Gov't Code § 12940(j)(3); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62 (1996). The California Code of Regulations defines harassment as including "[v]erbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." Cal. Code Regs. tit. 2, § 11019(b)(1)(A). To establish a claim for harassment under FEHA, the "harassment . . . must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment . . . ." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (internal quotation marks omitted). Harassment is "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken*, 46 Cal. App. 4th at 63.

Plaintiff alleges that Defendant Capone repeatedly made verbal comments to her regarding her Crohn's disease, including but not limited to: making belittling remarks about her eating habits, urging her to eat foods that would aggravate her disease, and stating that her disease was "in her head." (Compl. ¶ 13, ECF No. 1-4.) Plaintiff alleges that these comments made her feel humiliated and self-conscious, and caused her to avoid participating in employee events involving food. (*Id.* at ¶ 61.) Plaintiff further alleges that Capone's comments were derogatory and constituted a pervasive pattern of harassment that altered the conditions of Plaintiff's employment.

Plaintiff's allegations sufficiently state a claim for harassment under FEHA. Thus, it is not obvious according to California law that Plaintiff fails to state a claim for harassment against Capone. Defendants have failed to prove that Plaintiff could not possibly recover against Capone, and therefore they cannot show that Capone was fraudulently joined.

Because Capone was not fraudulently joined in this action, his citizenship must be considered in order to determine whether there is diversity jurisdiction.

### B. Defendant Capone's Citizenship at Time Complaint Was Filed

An individual is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual "is domiciled in a location where he or she has established a fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)) (internal quotation marks omitted). An individual's existing domicile is not lost until a new domicile is established. *Id.*

Defendants contend that Capone is diverse from Plaintiff because he had already established a domicile in Florida when Plaintiff filed her Complaint on February 13, 2015. The Court disagrees.

While Capone had begun the process of changing his domicile, the change was not complete as of February 13, 2015. Capone states that he had made arrangements to live with a friend on a temporary basis while he searched for and secured a permanent residence. Capone did not complete the purchase of the Atherton Residence until February 27, 2015, two weeks after the Complaint was filed. Moreover, Capone returned to California on February 16, 2015, and remained in the state until February 24, 2015. It appears that Capone did not return to Orlando permanently until February 28 or March 1, 2015. Thus, Capone had not yet established a "fixed habitation or abode" in Florida as of February 13, 2015, when the Complaint was filed, and was still a citizen of California at that time. *See Lending Co., Inc. v. Craythorn*, No. 12-01205, 2012 WL 3585411, at *2 (D. Ariz. August 20, 2012) (finding that defendant, who had obtained employment in Texas and was residing temporarily in a Texas hotel while looking for a permanent home, was still domiciled in Arizona because he had no fixed residence in Texas). Because Plaintiff is also a citizen of California, complete diversity between the parties is lacking. Defendants have therefore failed to establish that there is federal subject matter jurisdiction over this action.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

             :      

**Initials of Preparer**